UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY J. MAZIQUE | CIVIL ACTION |
| VERSUS | NO. 20-2695 |
| WARDEN ALVIN ROBINSON | SECTION: "R"(3) |

**REPORT AND RECOMMENDATION**

Challenging his 2009 state convictions for aggravated incest and pornography involving juveniles, petitioner, Timothy J. Mazique, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] The state argues that this matter should be dismissed because petitioner was not in custody at the time his application was filed.[2]

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "**in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). However, so long as a petitioner meets that custody requirement when his habeas corpus application was filed, a federal court thereafter retains jurisdiction in the matter even if he is subsequently released. See Carafas v. LaVallee, 391 U.S. 234 (1968); Brian R. Means, Federal Habeas Manual § 1:4 (May 2020 Update) ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court. This requirement is strictly enforced. … But once the petition is filed in federal court, it does not matter if the petitioner is later released from custody for purposes of the 'in custody' requirement." (citations omitted)). Moreover, although a petitioner

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 12.

must meet the custody requirement at the time of filing, he does not necessarily have to be physically incarcerated. Rather, as the United States Fifth Circuit Court of Appeals has explained:

> To maintain a habeas case after release from incarceration, petitioners must show that they continue to suffer "collateral consequences." In the criminal context, collateral consequences exist when, because of disabilities or burdens which may flow from a petitioner's conviction, he has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.

Bacilio-Sabastian v. Barr, 980 F.3d 480, 482-83 (5th Cir. 2020) (citation, quotation marks, brackets, and ellipsis omitted).

Here, petitioner does not dispute that he was no longer physically incarcerated at the time he filed this federal application. Further, he concedes that it "is a fact" that "his full prison sentence was served."[3] Nonetheless, he argues that he should be allowed to pursue his application because he still suffers from "collateral consequences flowing from his conviction."[4]

In light of that argument, the undersigned United States Magistrate Judge ordered petitioner to file a supplemental reply specifically identifying the "collateral consequences" he continues to suffer as a result of his convictions and explain how those consequences render him "in custody" for the purposes of this federal habeas corpus proceeding.[5] Although he complied with that order,[6] the consequences he identified do not suffice to provide this Court with federal subject-matter jurisdiction for the following reasons.

First, petitioner argues that "he still meets the § 2254(a) 'in custody' requirement, because his conviction forced him to register as a 'predatory offender' under Louisiana law."[7] He is

---

[3] Rec. Doc. 13, p. 1.
[4] Id. at p. 2 (emphasis omitted).
[5] Rec. Doc. 14. "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction." United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994).
[6] Rec. Doc. 15.
[7] Id. at p. 4.

presumably referring to Louisiana's law imposing registration requirements on certain "sex offenders and child predators." La. Rev. Stat. Ann. § 15:542.[8] According to the United States Fifth Circuit Court of Appeals, however, those registration requirements do not render him "in custody" for the federal habeas corpus purposes. See, e.g., Sullivan v. Stephens, 582 F. App'x 375 (5th Cir. 2014) (holding that an "obligation to register as a sex offender does not render [a petitioner] 'in custody' for purposes of a § 2254 challenge"); see also Puckett v. Powers, Civ. Action No. 10-1066, 2011 WL 794861 (E.D. La. Feb. 28, 2011) (Vance, J.) ("A requirement that one register as a sex offender, however, does not render a person 'in custody' for the purposes of habeas corpus."); Means, supra, at § 1:22 ("The vast majority of courts have held that registration pursuant to a sexual offender registration statute does not satisfy the 'custody' requirement. Nor does the future threat of incarceration for registrants who fail to comply with the registration statute.").

Second, petitioner notes that he "has continually sought employment and feels strongly that he is being denied employment because of his conviction."[9] While those suspicions may be well founded, they likewise do not render him "in custody." Cf. Kaltenbach v. Whitley, No. 95-31011, 1996 WL 166980, at *1 (5th Cir. Mar. 7, 1996) ("[S]ocial stigma and the fact of the previous conviction alone are insufficient to maintain a live controversy for Article III purposes."); Carter v. Attorney General, 782 F.2d 138, 140 n.1 (10th Cir. 1986) ("An applicant for federal

---

[8] Regarding that statute, the Louisiana Supreme Court has observed:

> The purpose of the law is unequivocally set forth in La.Rev.Stat. 15:540, stressing the paramount governmental interest in protecting the community, aiding police in their investigation of sex offenders, enabling quick apprehension of sex offenders, and, ultimately, reducing the risk to public safety posed by sex offenders even after release. The registration requirement is not intended to be punitive, but is instead intended to further the legitimate public purpose of protecting the community.

State v. I.C.S., 145 So. 3d 350, 355-56 (La. 2014) (footnote omitted).
[9] Rec. Doc. 15, p. 6.

3

habeas corpus relief must be 'in custody' when the application is filed. Although physical incarceration is not a necessary element of 'custody,' the applicant must labor under liberty restraints more severe than the stigma of a prior criminal conviction." (citation omitted)); Means, *supra*, at § 1:26 ("Economic loss arising from a criminal conviction, including professional discipline or reputational harm, does not satisfy the 'custody' requirement."). To hold otherwise would essentially eviscerate the "custody" requirement for habeas petitioners, given that most, if not all, such individuals find that their criminal convictions are stigmatizing.

For these reasons, the undersigned concludes that petitioner simply was not "in custody" at the time his federal application was filed, and, therefore, this Court lacks subject-matter jurisdiction in this matter for that reason.

However, out of an abundance of caution, the undersigned additionally notes that, even if petitioner could meet the custody requirement, it appears that this Court would still lack subject-matter jurisdiction for another entirely different reason: petitioner previously challenged this same state criminal judgment in a federal application filed pursuant to 28 U.S.C. § 2254, and that application was dismissed with prejudice on the merits. Mazique v. Robinson, Civ. Action No. 17-6675, 2017 WL 6628234 (E.D. La. Oct. 25, 2017), adopted, 2017 WL 6624031 (E.D. La. Dec. 28, 2017). That is of import because the Antiterrorism and Effective Death Penalty Act ("AEDPA") expressly restricts a prisoner's ability to file "second or successive" petitions challenging the same state court judgment. Specifically, the law requires that **before** such a "second or successive" petition is filed in a federal district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). "A petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition acts as a **jurisdictional bar**." Williams v.

4

Thaler, 602 F.3d 291, 301 (5th Cir. 2010) (emphasis added); accord In re Hertzog, 444 F. App'x 63, 65 (5th Cir. 2011) (explaining that, if a second or successive habeas petition "is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court"). Here, petitioner did not move the Court of Appeals for authorization before filing of the instant petition.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application for habeas corpus relief filed by Timothy J. Mazique be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this __5th__ day of April, 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.